Have a great day. Thank you. Stephanie, do we know if the students are out there? All right. Go ahead and let him in. All right. All right. Okay. Our second case is Silas v. Sheriff of Broward County. Ms. Linehan, will you come speak with us, please? Good morning. May it please the court? We are here. This is one of two appeals in this matter. It was the second filed appeal, and it's our appeal of the district court's decision to decline supplemental jurisdiction. I recognize it's an abuse of discretion standard. We face an uphill battle. We primarily appealed it in the event that this court reverses the second appeal, which we hope the court doesn't. And I'll address that then. But if this court were to reverse the second appeal, we wanted to ensure that it would go back to the district court. If the panel has no other questions, I will rest on my brief for this particular issue. No. Actually, I do have some questions. No, I'm sorry. Don't. Thank you. Do you have any? No, I don't either. So, Mr. Seeger, is that have I pronounced your correct name correctly? As you do, Your Honor, we'll go with Your Honor's pronunciation. How do you pronounce it? I was taught it was pronounced Seiger. OK, well, then that's how I'll pronounce it. Thank you, Your Honor. May it please the court and my comments will also be brief. The district court got it right. He exercised his ample discretion to remand the case back to the state court when there is no more federal question. The court in dismissing the claims against Paul Yesbeck lost original jurisdiction. There's no federal. There was supplemental jurisdiction. It could have exercised it. But the problem was the case was not in a position to go to trial because the plaintiff hadn't gotten the necessary appointment. Right. The court did rely on that, although the court could have relied on the retroactive or relation back doctrine in Florida court. But in any event, that even just on the reasoning of the district court, it's not an abuse of discretion. Correct. Again, 1.367 C provided the court with the authority to remand the case back to state court. And in fact, is encouraged to do so by this court's holdings in Mergen's versus Dreyfus and the line of cases citing to that. Like the district court likely would have gone forward with trial if the case was in the procedural posture that would have allowed it to be tried. It just wasn't. That makes that makes sense. OK. No other questions. No other comments subject to questioning by the court. Miss Lenahan, I don't know if you're going to have anything else to say about that. OK, then then your next case, Mr. Seiger, if you could come forward and.